IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TRAVIS DAVIS                                                                    PLAINTIFF

v.                                        CASE NO. 3:24-CV-00110 JM

COUNTY OF POINSETT, STATE OF
ARKANSAS, *et al*                                                              DEFENDANTS

ORDER

Plaintiff Travis Davis filed this § 1983 action against Poinsett County, Arkansas, its

sheriff, and two of its deputies alleging that his constitutional rights were violated when he was

arrested for criminal trespassing.  Pending is a motion to dismiss for failure to state a claim filed

by the defendants. (Doc. No. 3).  Plaintiff has not filed a response, and the time to do so has

passed.

A complaint must contain "a short and plain statement of the claim that the pleader is

entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted.   Fed. R. Civ. P. 8(a)(2).  The Court must "accept as true all

facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in

favor of the non-moving party." *United States v. Any & all Radio Station Transmission Equip.*,

207 F.3d 458, 462 (8th Cir. 2000). The complaint must give the defendant fair notice of what the

claim is and the grounds upon which it rests and must also "contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

In his complaint, Plaintiff alleges that he and his wife called law enforcement to perform

a welfare check on Plaintiff's sister-in-law, Ashley, when they saw her car at her estranged

husband's house. Deputy Jason Thomas came out and performed the welfare check and left

when he determined that Ashley was okay.  As soon as Deputy Thomas left, Ashley's husband,

Dustin Shannon, opened Plaintiff's car door, which at that time was parked in the driveway of

the house next door to Shannon's, and began assaulting Plaintiff.  Deputy Thomas was called

back to the scene.  After speaking with all the parties and with his supervisor, Dillon Pique',

Thomas took Plaintiff into custody and charged him with first degree criminal trespass. All the

parties involved in the incident and those named as defendants are white, except for Plaintiff who

is black. Plaintiff claims damages for emotional distress, harm to reputation, and hardships in his

family relationships and employment opportunities.

Defendants' motion to dismiss is well taken. Plaintiff's allegations that he was

wrongfully arrested are conclusory and do not show that he was arrested without cause or

because of his color. His allegations that all of the other parties are white and he was the only

one involved in the altercation that was arrested do not, alone, establish a plausible claim for

constitutional violations.  Also, Plaintiff has failed to allege a factual basis for his claim against

the county for a specific custom or failure to train.

For these reasons, Defendant's motion to dismiss (Doc. No. 3) is GRANTED.  A separate

judgment will be entered.

IT IS SO ORDERED this 23rd day of September, 2024.

_____
United States District Court Judge

2